10-2123-cr
USA v. Stafford

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand eleven.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
        *Circuit Judges,*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        *Appellee,*

        -v.-                                            No. 10-2123-cr

BRIAN STAFFORD,

        *Defendant-Appellant.*

**FOR DEFENDANT-APPELLANT:**     Lawrence Gerzog, New York, NY.

**FOR APPELLEE:**     Sean C. Flynn, Assistant United States Attorney (Loretta E. Lynch, United States Attorney, and Susan Corkery, Assistant United States Attorney, *on the brief),* United States Attorney's Office for the Eastern District of New York, New York, NY.

1

Appeal from a May 13, 2010 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

On November 2, 2006, after a trial by jury, defendant-appellant Brian Stafford was convicted of one count of conspiracy to import cocaine, in violation of 21 U.S.C. § 963, and one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On May 13, 2010, Stafford was sentenced principally to a term of imprisonment of time served and five years of supervised release. This appeal followed. We assume the parties' familiarity with the remaining factual and procedural history of the case.

(i)

On appeal, Stafford argues that the District Court erred in permitting the government to introduce as evidence the notes that an investigative agent took during an interview with Stafford. We review the evidentiary rulings of a district court for abuse of discretion. *See, e.g., United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion").

It is undisputed that Stafford participated in a voluntary interview in which he was told that he was free to leave at any time. In the course of that interview, Stafford made various admissions regarding his involvement in the charged conspiracies. At the end, the investigative agent, who had been writing notes during the conversation, reviewed each line of his notes with defendant to ensure that they accurately reflected the contents of the interview. Stafford made minor corrections to the notes, agreed that the information therein (after the appropriate corrections were made) was accurate, and signed his name on the last page.

At trial, the District Court permitted the government to introduce the notes, over defendant's hearsay objection, pursuant to Federal Rule of Evidence 801(d)(2)(B). *See* Fed. R. Evid. 801(d)(2)(B) ("A statement is not hearsay if . . . [it is] a statement of which the party has manifested an adoption or belief in its truth . . . ."). In so doing, the District Court did not err, much less abuse its discretion. Stafford's thorough review of the agent's notes and acknowledgment of their accuracy adequately demonstrated his adoption of their contents. They were therefore admissible as non-hearsay. *See* Fed. R. Evid. 801(d)(2)(B) advisory committee's note ("Adoption or acquiescence may be manifested in any appropriate manner.").

(ii)

Stafford argues that he was denied the right to a fair trial because his oral and written confession was not corroborated by other evidence. *See Smith v. United States*, 348 U.S. 147, 152 (1954) ("[A]n accused may not be convicted on his own uncorroborated confession.").

Stafford's claim is without merit. There was ample independent corroboration of his participation in the conspiracies, including, among other things, the testimony of a cooperating witness

about Stafford's involvement, a recorded telephone conversation between defendant and a co-conspirator, and law enforcement records that reflected events consistent with those admitted to by Stafford. Accordingly, we are unpersuaded that Stafford was denied the right to a fair trial.

(iii)

Finally, Stafford asserts that the District Court committed reversible error when, *sua sponte*, it gave a jury instruction explaining the instances in which *Miranda* warnings must be administered to a prospective defendant. We review *de novo* a claim of error in jury instructions, reversing "where, viewing the charge as a whole, there was a prejudicial error." *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006) (internal quotation marks omitted).

In the circumstances presented here, the District Court did not err. The District Court's instruction was prompted by defense counsel's cross-examination of an investigative agent, in which defense counsel's questions implied that the agent may have violated defendant's Fifth Amendment rights. Accordingly, the District Court elected to instruct the jury regarding the law under *Miranda v. Arizona*, 384 U.S. 436 (1966), and its progeny. That instruction was brief, legally accurate, and in no way prejudicial.

## CONCLUSION

We have considered each of defendant's claims in turn and find them to be without merit. The judgment of the District Court shall be **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3